```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DAVID BRYANT,

                Petitioner,                16 Civ. 1330

  -against-                                    OPINION

JUSTIN THOMAS, Superintendent,
Marcy Correctional Facility,

                Respondent.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for the Petitioner

        W. JAMES COUSINS, P.C.
        3 Strawberry Ridge Road
        Ridgefield, CT 06877
        By:  W. James Cousins, Esq.

        PAUL CASTELEIRO, ESQ.
        200 Washington Street, 5th Floor
        Hoboken, NJ 07030

        Attorneys for the Respondent

        THE BRONX DISTRICT ATTORNEY'S OFFICE
        198 East 161st Street
        Bronx, NY 10451
        By:  Nancy D. Killian, Esq.
             Noah J. Chamoy, Esq.

Sweet, D.J.

Petitioner David Bryant ("Bryant" or the "Petitioner") has moved under New York Judiciary Law § 17 to disqualify Darcel D. Clark, the District Attorney, Bronx County ("Clark" or the "District Attorney") from representing respondent Justin Thomas, Superintendent ("Thomas" or the "Respondent") in this action in which the Petitioner seeks a writ of habeas corpus. Based upon the conclusions set forth below, the motion is denied.

**Prior Proceedings**

The Petitioner filed his petition for a writ of habeas corpus in this Court on February 18, 2016 alleging ineffective assistance of counsel.

On April 12, 2011, pursuant to CPL 440.10(1), the Petitioner filed a motion in the Supreme Court of New York, Bronx County to vacate the judgment of conviction.

In the motion to vacate the judgment of conviction it was alleged that the Petitioner was actually innocent, a free

standing claim under New York law, and that he was denied his right at trial to effective assistance of counsel.

On April 11, 2013, a Decision and Order was entered in the Supreme Court of New York, Bronx County (Marvin, J.) granting the Petitioner's motion to vacate his convictions based on the ineffective assistance of counsel claim. *People v. David Bryant*, 41 Misc.3d 554 (N.Y. Sup., Bx. Cty. 2013); DE 1-2. The People appealed the grant of the vacatur, and on May 29, 2014 an argument on the appeal was conducted in the Appellate Division, First Department before a five judge panel, which included Clark, then a Justice with the First Department.

On June 19, 2014, the Appellate Division, First Department issued a unanimous Decision and Order by the panel reversing the vacatur of the conviction and remanding the case for a decision on the Petitioner's free standing actual innocence claim. *People v. David Bryant*, 118 A.D.3d 576 (1st Dept. 2014); DE 1-3. Clark is currently serving as the District Attorney, Bronx County, a constitutional officer, elected by the citizens of Bronx County to conduct "all prosecutions for crimes and offenses cognizable by the courts of [this] county." *Matter of Schumer v. Holtzman*, 60 N.Y.2d 46, 50 (1983), quoting N.Y.

County Law § 700; see N.Y. Const. art. 13, § 13. Under New York law, "District Attorneys . . . retain the ultimate, non-delegable responsibility for prosecuting all crimes and offenses," *People v. Soddano*, 86 N.Y.2d 727, 728 (1995), and "solely" retain "the broad authority and discretion ... to conduct all phases of criminal prosecution." *Matter of Soares v. Carter*, 25 N.Y.3d 1011, 1013 (2015). "[T]he essence of a District Attorney's constitutional, statutory and common-law prosecutorial authority is the discretionary power to determine whom, whether and how to prosecute [a criminal] matter, the responsibility and accountability for which is not freely transferable to anyone else." *Matter of Haggerty v. Himelein*, 89 N.Y.2d 431, 436 (1997).

The Office of the District Attorney in 2015 was responsible for 4,889 felony matters out of 85,805 total arrests[1] and is staffed by the District Attorney and approximately 440[2] Assistant District Attorneys.

---

[1] See 2014 Bronx County District Attorney Annual Report at 2-4, accessed September 23, 2016, available at: http://bronxda.nyc.gov/html/reports/annual.shtml.

[2] Bronx District Attorney's Office website, accessed September 23, 2016, available at: http://bronxda.nyc.gov/html/careers/career.shtml.

The instant motion was heard and marked fully submitted on June 16, 2016.

**The Applicable Standard**

"Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear." *Herrmann v. Gutterguard, Inc.*, 199 Fed.Appx. 745, 752 (11th Cir. 2006). "Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." *Id.* Disqualification of a party's lawyer is "disfavored" in the Second Circuit. *Lankler, Siffert & Wohl LLP v. Rossi*, 125 Fed.Appx. 371 (2d Cir. 2005), citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983). Because such motions are "often interposed for tactical reasons," they are subject to a "high standard of proof." *Evans*, 715 F.2d at 791.

The New York State Rules of Professional Conduct ("NYRPC") govern the behavior of attorneys practicing in the courts of the United States District Court for the Southern District of New York. See Local Civil Rule 1.5(b)(5); see also

*Goodwine v. Lee*, No. 10 Civ. 6019(VB)(LMS), 2014 WL 4377855 (S.D.N.Y. 2014).

The Advisory Committee Notes to Rule 4 of the Rules Governing § 2254 Cases provide, "Although the attorney general is served, he is not required to answer if it is more appropriate for some other agent to do so." Here, it was the determination of the New York State Attorney General and the Bronx District Attorney's Office that it was "more appropriate" for the District Attorney to appear on behalf of respondents in order to answer habeas petitions, given the Office's greater and specialized knowledge of its cases.

**The Motion to Disqualify the District Attorney is Denied**

Section 17 of the New York Judiciary Law, upon which the Petition relies provides "A judge or surrogate or former judge or surrogate shall not act as attorney or counsellor in any action, claim, matter, motion or proceeding, which has been before him in his official character." N.Y. Jud. Law § 17 (McKinney 2016). Section 17, by its terms, does not disqualify the District Attorney. It prohibits a former judge from acting as an attorney with respect to an "action, claim, matter, motion

5

or proceeding" that was previously "before" her in her judicial capacity. This application for a writ of habeas corpus, an independent federal civil, collateral remedy, is not the same "action," "matter," "motion or proceeding," since as a Justice of the Supreme Court of the State of New York, Clark heard a criminal appeal from the granting of a NYCPL § 440.10 motion to vacate the underlying judgment of conviction as part of a continuing criminal action.

As the Petitioner recognizes, the Third Department is the only State court to have even attempted to interpret § 17. In finding § 17 disqualified an upstate District Attorney in a continuing prosecution that Court stated:

> Notably, had the Legislature wished to carve out an exception for district attorneys (or any other constitutional officer, for that matter), it surely could have done so. Absent such qualifying or limiting language, the statutory prohibition is absolute and mandates petitioner's disqualification as District Attorney in [the defendant's] criminal prosecution.

*Czajka v. Koweek*, 100 A.D.3d 1136, 1139 (3d Dept. 2012); see also *People v. Simmons*, 103 A.D.3d 1027, 1028 (3d Dept. 2013) (reaffirming *Czajka*).

Since there is no limitations period for filing a NYCPL § 440.10 motion to vacate a judgment in State court, it has been submitted that as a Criminal Court Judge and Supreme Court Justice, the District Attorney was involved in the disposition of over 20,000 cases. In the First Department she sat on panels that resolved over 100 criminal appeals from Bronx County and that her recusal every time a defendant from any of these cases could raise constitutional issue barring the Legislature to deviate from the assignment of prosecutorial authority explicitly granted therein to County District Attorneys, see N.Y. Const. art. 13, § 13; N.Y. County Law § 700, diluting her authority (and effectively disenfranchising the votes of the Bronx). See *People ex rel. Wogan v. Rafferty*, 208 N.Y. 451, 456 (1913) ("Where the Constitution establishes a specified office, or recognizes its existence, and prescribes the manner in which it shall be filled, the legislature may not transfer any essential function of the office to a different officer[.] . . . The authority of the legislature to regulate the duties of constitutional officers to some extent has frequently been recognized . . . but not to the extent of depriving them of a substantial attribute of the office.").

In any case, this petition is not the same action as the underlying state criminal prosecution and Section 17 is inapplicable.

Given the practicalities presented and the possible identity of the issue of the adequacy of the Petitioner's representation in the state criminal prosecution, the District Attorney may well determine to recuse herself from any participation in the defense of this petition.


**Conclusion**

The motion of the Petitioner to disqualify the District Attorney is denied.

It is so ordered.

New York, NY
September 23, 2016

ROBERT W. SWEET
U.S.D.J.